**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-60543
Summary Calendar

WILLIE MAE BYRD,

Plaintiff-Appellant,

VERSUS

INTERNATIONAL PAPER COMPANY; ET AL,

Defendants,

INTERNATIONAL PAPER COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
(1:97-CV-307-GR)

June 11, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

Appellant, Willie Mae Byrd, an employee of International Paper Company, sued her employer in Mississippi state court asserting numerous state law tort claims arising out of her employment. She also filed a claim with the Mississippi Worker's Compensation Commission contending that she suffered severe emotional distress because of her employment. The case was removed to federal court. Byrd makes numerous allegations including harassment by her

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervisors and co-employees because of her sex, management's failure to remedy that situation following her complaints about it, the assignment of difficult work tasks, being suspended for having left work due to illness and other similar state law claims. Defendant moved for summary judgment contending that these state law claims are preempted by the Labor Management Relations Act, 29 U.S.C. § 185(a), because all terms and conditions of employment at the International Paper Company plant where Appellant was employed are governed by a collective bargaining agreement between International Paper and The United Paper Workers International Union of which Plaintiff is a member. The collective bargaining agreement provides a detailed dispute resolution procedure which was not utilized by Plaintiff in this case.

We have carefully reviewed the pleadings, the summary judgment record, and the briefs of all parties and conclude, for the reasons expressed by the district court in its opinion dated July 29, 1998, that the district court correctly granted Defendant's motion for summary judgment dismissing Plaintiff's claims.

AFFIRMED.